J-S52035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENYETTA WILKERSON | : | |
| | : | |
| Appellant | : | No. 895 EDA 2020 |

Appeal from the Order Entered February 24, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008293-2013

BEFORE:   PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED:  JANUARY 11, 2021**

Appellant, Kenyetta Wilkerson, appeals from the order entered in the Court of Common Pleas of Philadelphia County dismissing her "Motion to Compel Discovery of DNA and Biological Sample Evidence" for lack of jurisdiction.  Because Appellant's motion failed to articulate a request for DNA testing under 42 Pa.C.S.A. § 9543.1, *infra*, we affirm.

The lower court sets forth the relevant facts and procedural history, as follows:

> On April 21, 2014, defendant Kenyetta Wilkerson [hereinafter "Appellant"] pled guilty to one count of murder of the third degree (18 Pa.C.S. § 2502) and one count of possession of an instrument of a crime (18 Pa.C.S. § 907).  That same day, the court imposed an aggregate sentence of 22 ½ to 45 years' incarceration in state prison.  No post-sentence motions were filed and Appellant did not file an appeal.

---

[*] Former Justice specially assigned to the Superior Court.

Nearly six years later, on February 21, 2020, Appellant filed a motion entitled, "Motion to Compel Production of Discovery of DNA and Biological Sample Evidence" (hereinafter, "Motion to Compel DNA Discovery"). In that motion, Appellant sought production of various documents related to DNA and biological samples allegedly pertaining to her case. By order dated February 24, 2020, the court denied the motion on the ground that there were no proceedings pending before the court in Appellant's case, and therefore, the court was without authority to grant the requested relief.

Appellant has now appealed from [the lower] court's order denying her Motion to Compel DNA Discovery on the ground that "any person convicted of a crime may at any time even after sentencing file a motion to request the DNA testing to prove actual innocence." **See** Concise Statement of Reasons Complained of on Appeal, Pa.R.A.P. 1925(b) ("Statement of Errors") at ¶¶ 4-8.

Lower Court Opinion, 6/10/20, at 1-2.

The lower court acknowledged that Section 9543.1 of the Post Conviction Relief Act ("PCRA"), §§ 9541-9546, provides a means by which a defendant may file a motion for DNA testing, regardless of the PCRA's one-year time bar, and imposes several threshold requirements to obtain testing. According to the lower court, however, Appellant "has not, at any time, filed a motion for DNA testing under section 9543.1[,]" and it denied relief on this basis. This timely appeal followed.

On appeal, Appellant raises the following issues for our consideration:

1. Did the Court of Common Pleas Philadelphia County err in the denial of Appellant's Motion to Compel Production of DNA and Biological Sample Evidence?

2. Did Trial Court err in not allowing Appellant to establish actual innocence as her guilty plea was not knowingly and intelligently made?

Appellant's brief at 4.

- 2 -

Our standard of review is well settled:

> Generally, the trial court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law. When reviewing an order denying a motion for post-conviction DNA testing, this Court determines whether the [applicant] satisfied the statutory requirements listed in Section 9543.1. We can affirm the court's decision if there is any basis to support it, even if we rely on different grounds to affirm.

***Commonwealth v. Walsh***, 125 A.3d 1248, 1252-53 (Pa. Super. 2015).

Petitions for post-conviction DNA testing are governed by statute. Section 9543.1 of the PCRA provides, in pertinent part:

**§ 9543.1. Postconviction DNA testing**

**(a) Motion.—**

(1) An individual convicted of a criminal offense in a court of this Commonwealth may apply by making a written motion to the sentencing court at any time for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.

(2) The evidence may have been discovered either prior to or after the applicant's conviction. The evidence shall be available for testing as of the date of the motion. If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where the verdict was rendered on or before January 1, 1995, or the evidence was subject to testing, but newer technology could provide substantially more accurate and substantively probative results, or the applicant's counsel sought funds from the court to pay for the testing because he was indigent and the court refused the request despite the client's indigency.

(3) A request for DNA testing under this section shall be by written petition and shall be filed with the clerk of courts of the judicial district where the sentence is imposed.

(4) DNA testing may be sought at any time if the motion is made in a timely manner and for the purpose of demonstrating the applicant's actual innocence and not to delay the execution of sentence or administration of justice.

42 Pa.C.S.A. § 9543.1(a).

Section 9543.1(c)(3), provides, in pertinent part, that, when filing a motion for post-conviction DNA testing, an applicant must present a *prima facie* case demonstrating that the:

(i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing, and

(ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:

(A) the applicant's actual innocence for which the applicant was convicted[.]

42 Pa.C.S.A. § 9543.1(c)(3).

Finally, as provided in Section 9543.1(d)(2)(i), the PCRA "court shall not order the testing requested in a motion under subsection (a) if, after review of the record of the applicant's trial, ... the court determines that there is no reasonable probability, that the testing would produce exculpatory evidence that ... would establish the applicant's actual innocence of the offense for which the applicant was convicted[.]" 42 Pa.C.S.A. § 9543.1(d)(2)(i).

In reviewing the certified record, we observe that Appellant's "Motion to Compel Production of Discovery" neither refers to nor requests the

performance of forensic DNA testing, nor does it cite to Section 9543.1. Significantly, the motion is also without any accompanying discussion at all, let alone one explaining what evidence Appellant seeks and how the testing of such evidence, even assuming exculpatory results, would be prove her actual innocence.

The lower court therefore recognized Appellant's motion not as one requesting the performance of DNA testing under Section 9543.1, but as one requesting production of discovery evidence already in the Commonwealth's possession. The court reasoned, therefore, that it was without jurisdiction to enter an order granting the discovery request where Appellant had not filed a PCRA petition seeking collateral relief. Accordingly, it entered its order denying relief. For its part, the Commonwealth essentially adopts the court's opinion that Appellant's motion for discovery fails to secure the court's jurisdiction.

Under Section 9543.1(a)(1), it was Appellant's obligation to "make[] a written motion to the sentencing court at any time **for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction**." 42 Pa.C.S.A. § 9543.1(a)(1) (emphasis added). Appellant's motion, however, neither requested the performance of DNA testing nor identified what specific evidence related to her case was to be tested.

Only now, in her appellate brief, does Appellant articulate for the first time that she is seeking to compel DNA testing of evidence pursuant to Section

9543.1. It is well-settled, however, that an appellant may not gain relief on issues raised for the first time on appeal. *See* Pa.R.A.P. 302(a) (appellant may not raise issues for the first time on appeal). Because Appellant's "Motion to Compel Production of Discovery" before the lower court never made the discrete request for DNA testing under Section 9543.1, we discern no error with the court's order denying Appellant's discovery motion.

Even if we were to find that Appellant's motion facially requested Section 9543.1 testing, we would still find it inadequate under the statute. Specifically, the motion made not so much as a bare assertion, let alone the requisite *prima facie* case, that Appellant's role in the crime was at issue or that exculpatory results from DNA testing would establish her actual innocence. *See* Section 9543.1(c)(3). For this reason, the present appeal merits no relief.[1]

Judgment of sentence affirmed.

_____

[1] In Appellant's second issue, she contends the trial court erred in failing to allow her to establish her actual innocence with proof that her confession was coerced and her guilty plea unknowingly and unintelligently made. It was Appellant's obligation, however, to incorporate this allegation in a *prima facie* case presentation accompanying her motion for DNA testing.

Moreover, to the considerable extent Appellant dedicates her second issue to assailing her confession and guilty plea as involuntary, we observe that such an issue may not stand alone as a claim for appellate relief. Only the issue involving DNA testing is properly before this Court. *See Walsh*, 125 A.3d at 1252 (Pa. Super. 2015) (explaining, "Section 9543.1 cannot be used to raise extraneous issues not related to DNA testing in an effort to avoid the one-year [PCRA] time bar").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/11/21